# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Natural Resources Defense Council,<br><br>*Petitioner*,<br><br>v.<br><br>Michael S. Regan, Administrator,<br>Environmental Protection Agency;<br>Environmental Protection Agency,<br><br>*Respondents*,<br><br>American Water Works Association,<br><br>*Respondent-Intervenor*. | No. 20-1335 |

## MOTION OF RESPONDENT-INTERVENOR AMERICAN WATER WORKS ASSOCIATION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS PETITION FOR PANEL REHEARING OR REHEARING EN BANC

Pursuant to Federal Rules of Appellate Procedure 27, 35(e), and 40(a)(3), Respondent-Intervenor the American Water Works Association ("AWWA") respectfully requests that this Court grant it leave to file a reply in support of its pending petition for panel rehearing or rehearing en banc.[1] AWWA has consulted

---

[1] Pursuant to this Court's CM/ECF guidance, undersigned counsel will lodge AWWA's proposed reply as a separate docket entry, contemporaneously with the

with counsel for the Petitioner and the Respondents concerning their position on the relief requested in this motion. AWWA is authorized to represent that the Respondents do not oppose this motion, but that the Petitioner does oppose it.

## INTRODUCTION

On July 24, 2023, AWWA filed a petition for panel or en banc rehearing. AWWA argued that rehearing is appropriate because the Opinion provided incorrect answers to important questions of administrative law, conflicted with controlling precedent, and will have significant practical effects. Reh'g Pet. 6–7, Doc. 2009258. On July 27, 2023, this Court directed both the Petitioner and the Respondents to file responses to the Petition. Respondents Michael S. Regan and the Environmental Protection Agency (together, "EPA") filed their Response on August 10, 2023. *See* EPA Resp., Doc. 2011947. Petitioner the Natural Resources Defense Council ("NRDC") filed its response the next day. *See* NRDC Resp., Doc. 2012086.

## REASONS FOR GRANTING THE MOTION

A reply is particularly appropriate in this case, for three reasons.

First, EPA's Response argues forcefully that "the panel's holding is erroneous and practically significant," but nonetheless contends that rehearing is "not warranted." EPA Resp. 17. AWWA's proposed reply explains that EPA's curious

---

submission of this motion. *See CM/ECF Top Ten Filing Problems and Solutions*, at 2 (Oct. 2009), https://tinyurl.com/3p6kwemv (Problem #5).

position is motivated solely by its institutional interest in seeking to limit the breadth of a decision it regards as adverse, and that, when shorn of its posturing, EPA's Response in fact **confirms** that this case meets the standard for rehearing.

Second, EPA and NRDC raised arguments for the first time in their Responses that merit a reply. Both EPA and NRDC argue for the first time in their Responses that the panel's Opinion will not have cascading effects with respect to future litigation over the dozens of other federal statutes identified in AWWA's Petition. *See* EPA Resp. 16–17; NRDC Resp. 15. But neither EPA nor NRDC dispute that those other statutes bear structures similar to the Safe Drinking Water Act, and NRDC even goes so far as to admit that it "may analogize to this case" in the future. NRDC Resp. 15. In addition, EPA announced for the first time that, even if the Opinion's holding were reversed upon further review, EPA would seek a voluntary remand of its decision. EPA Resp. 1. EPA argues that this request undercuts the need to review the Opinion. *Id.* Without a reply, AWWA will have no opportunity to explain why the parties are incorrect on the first score, and why rehearing is warranted even if EPA would seek a remand.

Third, NRDC argues at length in its Response that the Opinion will not have adverse consequences for public water systems and the costs the Opinion will foist upon the public will be "modest." NRDC Resp. 18–20. AWWA's proposed reply

explains why NRDC's arguments on this issue—which was not addressed in the panel's Opinion—distort the record and the governing law.

Neither the Federal Rules of Appellate Procedure nor this Court's Local Rules expressly prohibit or permit a reply in support of a petition for panel or en banc rehearing. But this Court's July 27 Order expressly left open the possibility that the Court might allow replies. *See* Order at 1, Doc. 2009813 ("**Absent an order of the court**, a reply to the responses will not be accepted for filing." (emphasis added)). Furthermore, this Court has previously granted leave to file such replies upon motion of the party seeking rehearing. *See, e.g.*, Order, *Sierra Club v. FERC*, No. 16-1329 (D.C. Cir.), Doc. 1715801 (Jan. 31, 2018); Order, *FTC v. Whole Foods Market, Inc.*, No. 07-5276 (D.C. Cir.), Doc. 1150489 (Nov. 21, 2008); Order, *In re Core Commc'ns, Inc.*, No. 04-1368 (D.C. Cir.), Doc. 997415 (Oct. 13, 2006). This is consistent with the general approach reflected in the Federal Rules of Appellate Procedure, under which a party seeking relief typically has an opportunity to reply to an opposition. *See, e.g.*, Fed. Rs. App. P. 27(a)(4), 28(c).

At 2,253 words, AWWA's proposed reply is appropriately concise—less than 50% of the aggregate length of the Responses. *See* Fed. R. App. P. 32(a)(7)(B)(ii) (reply "no more than half of the type volume" of principal briefs). AWWA's proposed reply is also limited to matters related to the Responses. *Cf.* Fed. R. App. P. 27(a)(4) ("A reply must not present matters that do not relate to the response.").

AWWA does not merely reiterate its prior arguments, but addresses the new issues and positions that EPA and NRDC presented for the first time in their Responses.

## **CONCLUSION**

For the foregoing reasons, the Court should grant AWWA leave to file a reply in support of its pending petition for panel or en banc rehearing.

Dated: August 25, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Corinne V. Snow*

　　　　　　　　　　　　　　　　　　　　Corinne V. Snow
　　　　　　　　　　　　　　　　　　　　James T. Dawson
　　　　　　　　　　　　　　　　　　　　VINSON & ELKINS LLP
　　　　　　　　　　　　　　　　　　　　2200 Pennsylvania Avenue NW
　　　　　　　　　　　　　　　　　　　　Suite 500 West
　　　　　　　　　　　　　　　　　　　　Washington, DC 20037
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 237-0157
　　　　　　　　　　　　　　　　　　　　Fax: (917) 879-8998
　　　　　　　　　　　　　　　　　　　　Email: csnow@velaw.com
　　　　　　　　　　　　　　　　　　　　Email: jamesdawson@velaw.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Respondent-Intervenor*
　　　　　　　　　　　　　　　　　　　　*American Water Works Association*

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 858 words, excluding the parts exempted by Federal Rules of Appellate Procedure 32(f) and 27(d)(2).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font.

Dated: August 25, 2023

Respectfully submitted,

*/s/ Corinne V. Snow*

Corinne V. Snow
James T. Dawson
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Telephone: (212) 237-0157
Fax: (917) 879-8998
Email: csnow@velaw.com
Email: jamesdawson@velaw.com

*Counsel for Respondent-Intervenor American Water Works Association*

# **CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that, on August 25, 2023, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Dated: August 25, 2023

Respectfully submitted,

*/s/ Corinne V. Snow*

Corinne V. Snow
James T. Dawson
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Telephone: (212) 237-0157
Fax: (917) 879-8998
Email: csnow@velaw.com
Email: jamesdawson@velaw.com

*Counsel for Respondent-Intervenor
American Water Works Association*